[For a similar action see Penn v. Groff, Case No. 10,932.]

## Case No. 10,936.

PENN v. KLYNE et al.

[Pet. C. C. 446.] [1]

Circuit Court, D. Pennsylvania. April Term, 1817.

SCIRE FACIAS—PLEA—EJECTMENT—DECEASE OF LESSOR OF PLAINTIFF.

1. To a scire facias to revive a judgment in ejectment for the term and damages, the defendant cannot plead a conveyance of the premises by the lessor of the plaintiff, subsequent to the judgment.

2. Quere, whether a defendant in ejectment can take advantage of the fiction on which the action is founded, in order to defeat the judgment as to the land, to the benefit of which judgment a third person is entitled.

3. After a conveyance to a third person of the land which has been recovered in an ejectment, a scire facias and a habere facias must issue in the name of the plaintiff in the original judgment.

4. Where the lessor of the plaintiff dies after judgment in ejectment, the execution may issue in the name of the lessee without the necessity of a scire facias.

5. In every case where a scire facias issues to revive a judgment, it is a continuation of the original suit, and may issue in the name of the original plaintiff or of those claiming as his legal representative; although such representative should be a citizen of the same state with the defendant.

[Cited in Rice v. Moore (Kan. Sup.) 30 Pac. 10.]

This was a scire facias to revive a judgment in ejectment for the term, and for damages, after the expiration of twelve months. The plea was, that before and at the time of issuing the scire facias, John and Richard Penn, the lessors of the plaintiff, had transferred and conveyed all their right and title in and to the premises in the declaration mentioned, to J. R. Coates, a citizen of Pennsylvania, and that the said John and Richard Penn have no cause for suing out the scire facias; with an averment of the citizenship of Coates and the defendants: and the plea concludes by praying judgment, if the plaintiff shall further have and main-

---

[1] [Reported by Richard Peters, Jr., Esq.]

tain his said writ of scire facias, and have his execution against the defendants. To this plea there was a general demurrer.

Binney & Rawle, for plaintiff, contended: First, that the plea is bad as to the damages, though it should be sufficient as to the term, because if the transfer of the land bars the right of the Penns to recover that, or to oust the jurisdiction of the court as to that part of the recovery, it could not affect their right to the damages; and therefore the plea being no bar to the whole is not good as to part. Runn. 431. Second. The plea is no bar, nor does the matter contained in it oust the jurisdiction as to the land. The nominal plaintiff will be considered as the real plaintiff in the scire facias, the term not having expired. To prove this it was contended, that if the lessor die subsequent to the judgment, that will not defeat the execution. 4 Burrows, 1970. If he die before verdict, that will not abate the suit. Hob. 5. An action for mesne profits may be sustained in the name of the nominal plaintiff. [Duffield v. Stille] 2 Dall. [2 U. S.] 156. But the transfer stated in the plea is of the subject of the judgment, and not of the judgment itself; so that the plaintiff on record in the original suit must sue out the scire facias. The alienee, not being plaintiff on the record or the legal assignee of the judgment, cannot sue it out. The former is a mere trustee for the latter. If the plaintiff, being a citizen of another state, be a trustee for a citizen of the state where the suit is brought and where the defendant resides, the court has jurisdiction, unless it appear that the transfer had been fraudulently made to give jurisdiction; in which case, the circuit courts have, in some instances, struck the cause from the docket. Maxfield v. Levy [Case No. 8,321]; [Chappedelain v. Dechenaux] 4 Cranch [8 U. S.] 308. This scire facias is not a new suit, but a mere continuance of the original action, and of course, if the court had jurisdiction in the latter it has in the former. 6 Term R. 365; Id. 282; 1 Term R. 388; 6 Bac. Abr. 102.

Dallas & Ingersoll, for defendants, contended: First, that the scire facias is an original suit, so far at least as to admit of this plea. The general rule is, that plea of any matter may be put in to a scire facias except such as might have been pleaded to the original action. The scire facias is an action. Co. Litt. 290; Skin. 682; 10 Vin. Abr. 550; Comb. 455; 1 Term R. 268; 2 Wils. 251; 2 W. Bl. 1227; 6 Johns. 108. Second, a plea to the jurisdiction is allowed at any stage of the cause. 1 Bin. 142; [Skillern v. May] 6 Cranch [10 U. S.] 267; 1 Mass. 359; 1 Ves. Sr. 471; [Strawbridge v. Curtiss] 3 Cranch [7 U. S.] 267. As to the first point made on the other side, it was answered, that if the plea shows that the plaintiff cannot maintain his suit for the whole, it is sufficient to defeat him though his right to a part is unquestionable. As to the plaintiff in the original judgment being a trustee for his vendee, this cannot be where the legal estate in the land is conveyed, and such a conveyance may be made by the common law of this state, though the grantor be out of possession.

WASHINGTON, Circuit Justice. The nominal parties to the original suit were the lessee of John and Richard Penn, and the tenant in possession. The judgment was, that the lessee should recover his term, then unexpired, and his damages, amounting to five hundred dollars. Considering those as parties who appear to be so by the record, there could be no doubt that the conveyance by the lessors of the plaintiff could pass only the reversion, and consequently could not affect the interest of the lessee. It is true, that the lessee, and the casual ejector, are merely the actores fabulæ, and that by a fiction, the lessor is considered as being in fact the only plaintiff in the suit. But it may well be doubted, whether the fiction ought to be set up for the mere purpose of protecting the defendant who asserts no meritorious ground of defence, but merely seeks to defeat the judgment as to the land, to the benefit of which a third person is, to say the least, equitably entitled. I say to defeat the judgment, because the scire facias, as well as the habere facias possessionem, must issue in the name of the plaintiff in the original judgment. We know that the nominal plaintiff is sometimes considered to be the real plaintiff, as in the case where the lessor of the plaintiff dies after judgment, the execution may issue in the name of the lessee, without the necessity of a scire facias. To use the words of Lord Mansfield, in the case of Doe, on the demise of Beyer, v. Roe, 4 Burrows, 1970: "This is an ejectment brought by John Doe, and the defendant does not show that John Doe, the plaintiff in this action, is dead." As to the objection on the ground of jurisdiction, there is nothing in it. It is true that in some cases a scire facias is an original action, but, in every case where it issues to revive a judgment, it is a continuation of the original suit, and may issue in the name of the original plaintiff or those claiming as his legal representatives, although such representatives should be citizens of the same state with the defendant. But upon another ground, the court is clearly of opinion, that judgment ought to be given in favour of the plaintiff, upon the present plea. Though the plea, which professes to be an answer to the whole writ, should be considered as giving a sufficient answer to the writ, as to the term in the land, it is certainly no answer to the damages recovered by the judgment; and consequently it assigns no sufficient reason why execution should not issue according to the judgment which stands unimpeached. Judgment for plaintiff.